```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


ERIC SNYDER,

                    Plaintiff,

vs.                                    Case No. 13-1217-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.
```

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On January 16, 2013, administrative law judge (ALJ) James Harty issued his decision (R. at 388-397).[1] Plaintiff alleges that he had been disabled since February 5, 2005 (R. at 388).

---

[1] On May 6, 2009, ALJ Edmund Werre issued a decision denying plaintiff benefits (R. at 11-18). Plaintiff sought judicial review, and on July 8, 2011, District Court Judge Richard D. Rogers reversed the decision of the Commissioner, and remanded the case for further hearing (R. at 465-481; Case No. 11-1010-RDR).

4

Plaintiff is insured for disability insurance benefits through June 30, 2009 (R. at 390). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 390). At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, status post laminectomy and fusion (R. at 390). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 391). After determining plaintiff's RFC (R. at 391), the ALJ determined at step four that plaintiff is unable to perform past relevant work (R. at 396). At step five, the ALJ found that plaintiff could perform work that exists in significant numbers in the national economy (R. at 396-397). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 397).

**III. Did the ALJ err in his consideration of the medical opinion evidence?**

The ALJ limited plaintiff to sedentary work; plaintiff could stand/walk for 2 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. Plaintiff is limited to no more than occasional pushing and pulling with the lower extremities. He is restricted to occupations which may be performed with the aid of a cane for ambulation. Plaintiff can occasionally stoop, kneel, crouch, crawl and climb ropes and stairs, but should

5

avoid climbing ladders, ramps or scaffolds.  He should avoid concentrated exposure to dangerous machinery, unprotected heights, cold temperature extremes, and vibration (R. at 391).

In making his findings, the ALJ gave "substantial" weight to the opinions of Dr. Parsons, a non-examining physician, who affirmed a state agency RFC assessment (R. at 395, 326-335).  The ALJ stated that this opinion was well-supported by the medical history, diagnostic imaging, and physical examination findings, and is consistent with the record as a whole (R. at 395).

The ALJ gave "little" weight to the opinions of Dr. Gorecki (R. at 395).  Dr. Gorecki, who examined or treated plaintiff on two occasions in 2007 (R. at 320-325), opined that plaintiff could only work 4 hours a day (R. at 320); and could sit and stand/walk for about 4 hours in an 8 hour workday (R. at 356).  In discounting the opinions of Dr. Gorecki, the ALJ relied heavily on the consultative examination by Dr. Miller (R. at 395).

The record also contains a consultative examination by Dr. Miller (R. at 608-615).  Dr. Miller opined that plaintiff could sit for 4 hours in an 8 hour workday, could stand for 2 hours in an 8 hour workday, and could walk for 2 hours in an 8 hour workday.  Plaintiff was found to require a cane to ambulate, and with a cane, plaintiff could not use his free hand to carry

6

small objects (R. at 611). When asked to identify the medical or clinical findings to support these limitations, Dr. Miller stated: "CT & DJD [degenerative joint disease] and L5 spondylosis,[2] s/p L4-L5 fusion" (R. at 610-611). In a subsequent section of her report, Dr. Miller stated that plaintiff could only occasionally use his right foot to operate foot controls. Dr. Miller stated that the reason for this limitation was "low back pain & radiculopathy[3] despite surgery" (R. at 612).

The ALJ noted that Dr. Miller limited plaintiff's ability to sit, stand and walk, as set forth above; the ALJ indicated that Dr. Miller based this restriction, in part, on plaintiff's presumed lumbar radiculopathy. The ALJ noted that testing in 2007 and 2012 found no evidence of radiculopathy (R. at 395, 312, 647). Therefore, the ALJ gave this portion of Dr. Miller's opinion "little" weight, and only "partial" weight to the opinion as a whole (R. at 395).

At the hearing, the vocational expert (VE) testified that, for a person limited to 4 hours of sitting, 2 hours of standing and 2 hours of walking, it would be very difficult to find work that they could perform (R. at 437). For this reason, it is important that the ALJ's rationale for discounting this

---

[2] Spondylosis is defined as any of various degenerative diseases of the spine. Merriam-Webster's Medical Dictionary (2006 at 711).
[3] Radiculopathy is defined as any pathological condition of the nerve roots. Merriam-Webster's Medical Dictionary (2006 at 633).

7

limitation be supported by a specific, legitimate reason. See Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003).

The ALJ discounted the sitting, standing and walking limitation of Dr. Miller because the restriction was based, in part, on plaintiff's presumed radiculopathy (R. at 395). The ALJ cited to (Exhibit 18F at 3, R. at 610) in support of this assertion. In his assessment, Dr. Miller's opinion on sitting, standing and walking appears at R. at 611, which refers back to R. at 610 for the medical or clinical findings that support this limitation. At R. at 610, Dr. Miller stated that "CT & DJD and L5 spondylosis, s/p L4-L5 fusion" as the findings that support this limitation. There is no mention of radiculopathy as a finding in support of this limitation. Later, in her opinion, Dr. Miller lists radiculopathy as a finding in support of a limitation to only occasional use of the right foot in operating foot controls (R. at 612). This is the only time in her report that Dr. Miller listed radiculopathy in support of a physical limitation. Thus, Dr. Miller never indicated that radiculopathy was a finding that supported plaintiff's limitation on sitting, standing and walking.

Furthermore, the ALJ's RFC findings include a limitation to "no more than occasional pushing and pulling with his lower extremities" (R. at 391). Dr. Miller, based on low back pain and radiculopathy, limited plaintiff to only occasional use of

8

the right foot in operating foot controls (R. at 612).  Neither Dr. Parsons or Dr. Gorecki included such a limitation.  The ALJ gave little weight to Dr. Miller's limitation on sitting, standing and walking because the ALJ erroneously asserted that this restriction was based, in part, on radiculopathy.  However, even though the ALJ accurately noted that the medical record showed no evidence of radiculopathy, the ALJ inexplicably included a limitation in his RFC findings that is similar to a limitation in Dr. Miller's report that was based on low back pain and radiculopathy; such a limitation is not mentioned in any other medical opinion evidence.  For this reason, the court finds that the ALJ's reason for discounting plaintiff's limitations on sitting, standing and walking are not supported by substantial evidence.  Given the VE's testimony that a person with such a limitation would find it very difficult to work, this case shall be remanded in order for the ALJ to give further consideration to the medical opinion evidence regarding plaintiff's limitations.

As noted above, the ALJ gave substantial weight to the opinions of a non-examining physician, Dr. Parsons.  However, as noted by the court in its previous decision to remand (R. at 472-473, 478), the assessment inaccurately states that the limitations contained in the assessment are not significantly different from treating/examining source conclusions (R. at

9

332).  This assessment mentions Dr. Gorecki's opinion of January 8, 2008 that plaintiff can only work 4 hours a day (R. at 320, 327, 333) in apparent support of the findings in the assessment approved by Dr. Parsons.  However, the finding of Dr. Gorecki that plaintiff can only work 4 hours a day is contradicted by the opinions contained in the assessment approved by Dr. Parsons.  These contradictions in the assessment need to be addressed when the case is remanded.  On remand, the ALJ will need to reevaluate all of the medical opinion evidence in light of the errors noted above.

**IV.  Other issues raised by plaintiff**

Plaintiff's brief raises other issues, including the hypothetical question posed to the VE, a third party statement, and the evaluation of plaintiff's credibility.  The court will not address these issues in detail because they may be affected by the ALJ's resolution of the case on remand after the ALJ further considers the medical source opinion evidence and makes new RFC findings, as set forth above.  See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

The court will briefly address the statement of an employee of the defendant who reported plaintiff's difficulty with sitting (R. at 138-139).  According to SSR 96-7p, when evaluating the credibility of an individual's statements, the ALJ "must also consider any observations recorded by SSA

personnel who previously interviewed the individual." SSR 96-7p, 1996 WL 374186 at *8.  On remand, the ALJ will consider those observations in accordance with the agency's own rulings.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 2nd day of September 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge